UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ARLIE NOBLE, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 5: 12-342-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THREE FORKS REGIONAL JAIL | ) | **MEMORANDUM OPINION** |
| AUTHORITY, et al., | ) | **AND ORDER** |
| | ) | |
|     Defendants. | ) | |

*** *** *** ***

Plaintiff Arlie Noble has sued Three Forks Regional Jail Authority and a number of its employees, individually and in their official capacities, alleging both constitutional claims and state law claims stemming from his incarceration. [Record No. 1] The defendants move for summary judgment, arguing that Noble's claims are barred by sovereign immunity and that the claims otherwise fail for a number of reasons. [Record No. 17] In response, the plaintiff argues that the allegations in his pleadings sufficiently set forth his claims and that the motion should be denied.[1] [Record No. 20-3, p. 3] For the reasons set forth below, the relief requested by the defendants will be granted and the action dismissed.

---

[1] The parties disagree on the extent to which the original motion for summary judgment relies solely on the pleadings in this case. [*See* Record No. 17-1; Record No. 20-1.] The plaintiff argues that because the defendants' original motion stated that it was based solely on the pleadings, the Court need not look beyond the complaint and answer. [Record No. 20-1, p. 3] He further asks the Court to exclude from consideration the affidavits attached to the motion for summary judgment and the "facts" section of the motion. [*Id.*] Notwithstanding the defendants' inadvertent language in their motion, the Court is obligated to apply the appropriate summary judgment standard, as set forth *infra*, and will not limit its review to the pleadings in this case. *See* Fed. R. Civ. P. 56(c).

**I.**

Plaintiff Arlie Noble was convicted of possessing and distributing child pornography in 2011. [Record No. 16, p. 97 lns.10-13] He was sentenced to incarceration on September 16, 2011, and was housed at Three Forks Regional Jail[2] (hereafter, "Three Forks Jail" or "the Jail") until his release on June 1, 2012. [Record No. 1, p. 4 ¶13] Noble claims that he suffers from diabetes and Crohn's disease, and that he has undergone numerous surgeries for his conditions. [*Id.*, ¶14]

Noble alleges that his rights were violated in a number of ways while he was incarcerated. He names as Defendants Three Forks Jail, through its Chairman Richard Adams; Janice Kelso,[3] a nurse at the Jail; Harvey Pelfrey, an administrator at the Jail; Keith Combs, a guard supervisor at the Jail; and Varian Rowland; Jason Dunaway, and Ivan Fletcher, all guards at the Jail. [Record No. 1, p. 1] Specifically, Noble alleges that the defendants gave him his daily diabetes medication in a manner that was contrary to his doctor's advice. [Record No. 1, p. 5 ¶17-19] He also claims that the defendants fed him doughnuts, honey buns, and other foods high in sugar that exacerbated his diabetic condition. [*Id.*, ¶19] Noble claims that there is a policy at Three Forks Jail that restricts medical care to inmates to save money, and that Defendants Adams, Kelso, Pelfrey, Combs, Rowland, Fletcher, and Dunaway violated his rights by enforcing that

---

[2] Three Forks Jail is a regional county jail located in Beattyville, Kentucky, and is authorized to provide incarceration services for Breathitt, Lee, Wolfe, and Owsley counties in Kentucky. *See* KRS § 441.800.

[3] Noble's Complaint mistakenly refers to Defendant Kelso as Janet, rather than Janice. [*See* Record No. 1; see also Record No. 17-4.]

policy.[4] [*Id.*, ¶21] He contends that he has developed glaucoma, has internal organ damage, and has "dysfunctional" blood sugar levels as a result of the medical care provided while he was incarcerated. [*Id.*, ¶23]

Noble has asserted a claim under 42 U.S.C. § 1983 based on alleged violations of his Eighth and Fourteenth Amendment rights against all Defendants. [*Id.*, p. 6] In addition, he asserted the following state law claims: (1) Negligence — Medical Malpractice claims against Defendant Kelso (Count II); (2) Negligence — Medical Malpractice via Agency (Count III); (3) "Pain and Suffering" against all defendants (Count V[5]); and (4) Intentional Infliction of Emotional Distress against all defendants (Count VI). [*Id.*, pp. 7-11] He seeks past and future expenses arising from emotional distress, past and future medical expenses, punitive damages, and attorneys' fees and costs. [*Id.*, p. 10]

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require

---

[4] Noble has also sued an unknown "John Doe" defendant, individually and as an employee of Three Forks Regional Jail Authority. [Record No. 1] However, he has failed to identify and serve this unknown defendant within the time allotted under Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, his claims against this unknown defendant will be dismissed.

[5] The plaintiff mis-numbered his claims, leaving out Count IV. [*See* Record No. 1, p. 8.]

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Importantly, once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "*significant probative evidence*" of a genuine dispute in order to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424 (emphasis added). The nonmoving party cannot rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

**III.**

The defendants move for summary judgment on all of Noble's claims, arguing that: (i) the § 1983 claims against the defendants in their official capacities are redundant; (ii) Noble's Fourteenth Amendment claim is improper; (iii) Noble has failed to show that there is a policy or custom that deprived him of his Eighth Amendment rights; and (iv) Noble's claim of deliberate indifference fails as a matter of law. [Record No. 17-1] In addition, the defendants assert that Noble's state law claims are barred by sovereign immunity and otherwise fail as a

matter of law. Noble responds that there are several genuine issues of material fact; however, he has failed to provide any facts, affidavits, or citations to the record in support of his attempt to defeat summary judgment. [Record No. 24]

> A. **Constitutional Claims — § 1983**
>> i. **Official Capacity Suits**

The defendants argue that the § 1983 claims against the individual defendants in their official capacities should be dismissed. *See Ky. v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citations omitted) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). The Supreme Court has held "[t]here is no longer a need to bring official-capacity actions against local government officials, for under [*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)], local government units can be sued directly [under § 1983] for damages and injunctive or declaratory relief." *Id.* at 167 n.14. Because Noble has sued Three Forks Jail and a number of its officers in their official capacities, the claims against the individual defendants in their official capacities will be dismissed. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (If individuals are being sued under § 1983 in their official capacity as municipal officers and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed).

### ii. Fourteenth Amendment

Noble claims that his Fourteenth Amendment rights were violated during his incarceration at Three Forks Jail. [Record No. 1] However, the Fourteenth Amendment Due Process Clause typically protects pretrial detainees or "free citizens" from excessive force. *See Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008). On the other hand, the Eighth Amendment protects convicted prisoners from "unnecessary and wanton infliction of pain." *Graham v. Connor*, 490 U.S. 386, 398 n.11 (1989) (internal quotation marks omitted); *see also Shreve et al v Franklin Cnty. Ohio, et al.,* No. 13-3119 (6th Cir. Feb. 6, 2014). Here, Noble was a convicted prisoner at all times contained in the complaint, and the Eighth Amendment is the appropriate vehicle for his claim. *See Berry v. Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) (explaining that the Fourteenth Amendment prohibits punishment prior to an adjudication of guilt in accordance with due process of law while the Eighth Amendment's protections are afforded after a determination of guilt). Accordingly, to the extent that Noble alleges a violation of his Fourteenth Amendment rights, that claim will be dismissed.

### iii. Three Forks Jail

The defendants next argue that the plaintiff's deliberate indifference claim against the Jail fails as a matter of law. [Record No. 17-1, p. 12] To hold a government entity liable for the deprivation of constitutional rights, a plaintiff must prove that the moving force behind the deprivation was a governmental policy or custom. *See Graham*, 473 U.S. at 166 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981), and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

(1978)). The defendants correctly assert that there is no evidence that Three Forks Jail maintained an official policy or custom to deprive inmates of medical care to save money.

The written policy of Three Forks states, in relevant part:

> All Regional Jail inmates shall have access to 24 hour per day health care. Medical care at the facility shall be delivered under the direction of a licensed physician and through the use of trained health care personnel. No deputy or other employee shall ever summarily or arbitrarily deny an inmate's request for health care services.

[Record No. 17-6, p. 4] To implement this policy, Three Forks Jail contracts with Dr. Derrick Hamilton, a physician, and Defendant Kelso, a registered nurse, who provided medical services to Noble and other inmates. [Record No. 17-2] By the terms of the Jail's written policy, the deputy jailers at Three Forks Jail received training on responding to medical emergencies, including basic first aid, CPR, training regarding distributing inmate medications, and identifying medical emergencies. [*Id.*, p. 5] In addition, Dr. Hamilton, Nurse Kelso, Officer Combs, and Mr. Pelfrey, all affirmed that they were not aware of any policy that purposefully restricts medical care to inmates to save money. [Record No. 17-2, p. 1; Record No. 17-4, p. 1; Record No. 17-5, p. 1] Rather, they testified, *via* sworn affidavits, that Three Forks Jail complies with its written policies, is in full compliance with state regulations, and regularly trains its employees. [*See id.*]

Further, the plaintiff's own testimony undermines his allegations that Three Forks Jail has a policy regarding restrictive medical care access to inmates. [*See* Record No. 16.] Noble was treated by Dr. Hamilton at least four times during his less than year-long incarceration. [*Id.*, p. 49 lns.19-23] He separately saw Nurse Kelso at least four times while he was incarcerated

for this short time period. [*Id.*, p. 50 lns.17-20] Dr. Hamilton advised the defendants to give Noble his medication at special times other than "pill call" due to Noble's diabetic condition, advice which, by Noble's own admission, was followed by the defendants. [*Id.*, p. 53, lns.12-14] Noble was taken to the hospital when needed, his blood pressure was monitored, he saw the nurse whenever he requested, he received appropriate medication, and he received significant access to medical care.[6] [*Id.*, pp. 99-106]

Although Noble argues that it is "naive to believe that government employees will follow written procedures and policies, which are sometimes [] ignored," he has put forth no evidence to support this speculation. [Record No. 20-1, p. 4] Instead, he appears content to rely solely on his pleadings and unsupported allegations in his response. [*See id.*] However, a party must "go beyond the pleadings" to survive summary judgment. *Celotex*, 477 U.S. at 324. The mere statement that there is a policy in place to restrict inmates' access to medical care does not create a triable issue of fact, especially where the defendants have provided significant evidence to the contrary and where Noble's own testimony supports the defendants' position. [*See* Record Nos. 17-2, 17-4, 17-5, 17-6.] Because there is no evidence of an official policy or custom as alleged, Noble's deliberate indifference claim against Three Forks Jail will be dismissed.

    **iv.**    **Individual Capacity Claims**

The defendants next argue that they are entitled to judgment as a matter of law on Noble's claims that the defendants were deliberately indifferent to his medical status as a diabetic.

---

[6] Noble also complains about having to wait four days to see Dr. Hamilton, a wait-time that is significantly lower than the average doctor wait-time for non-prisoners. *See* http://www.washingtonpost.com/blogs/wonkblog/wp/2014/01/29/in-cities-the-average-doctor-wait-time-is-18-5-days/ (last visited February 6, 2014).

Constitutional claims based on the adequacy of an inmate's medical treatment turn on whether the defendant was deliberately indifferent to the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on a deliberate indifference claim, a plaintiff must: (i) show that the official is aware of facts from which he could have inferred that an excessive risk to the health of an inmate existed; (ii) the official actually drew the inference that the detainee was at an excessive risk of harm and having so inferred; (iii) the official failed to take adequate precautions to prevent the harm from befalling the inmate. *Farmer v. Brennan*, 511 U.S. 825 (1994).

An Eighth Amendment claim has both an objective and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). First, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* at 703 (citing *Farmer*, 511 U.S. at 834). Next, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703 (citing *Farmer*, 511 U.S. at 837). Noble's deliberate indifference claim fails under both components.

The defendants do not dispute the existence of Noble's medical condition. And for the sake of argument, the Court will assume that Noble's medical needs were serious. *See Comstock*, 273 F.3d at 702. However, there is no evidence that Noble was at an excessive risk of serious harm or that any of the defendants failed to take adequate precautions to protect him from harm. Rather, as noted above, Noble's own testimony indicates that he received substantial medical attention while incarcerated at the Jail. [Record No. 16, pp. 49-54] Noble admits that

his medication was administered regularly, his blood pressure was monitored, he saw the medical staff when he requested, and diabetic flow sheets were completed. [*See* Record Nos. 16-1 through 16-9.] Noble was allowed special accommodations based on his diabetic condition, including taking his medication and blood sugar test kit to his cell, he was granted a specialized menu from the cafeteria, and his daily medication administration schedule was modified after consultation with Dr. Hamilton. [*See id.*]

In short, there are no facts to support a claim that Noble was at a substantial risk of serious harm, much less that any of the defendants perceived such harm and disregarded it. Rather, the undisputed facts show that the defendants provided Noble with substantial medical care and special accommodations on the advice of his doctor. The accommodations Noble received were carefully and specifically tailored to manage Noble's medical condition. There is simply no evidence that Noble's condition was disregarded by any of the defendants. Accordingly, the defendants are entitled to summary judgment on Noble's claim of deliberate indifference.

### B.     State Law Claims

Noble also asserts a number of state law claims against the defendants, including negligence, medical malpractice, and intentional infliction of emotional distress. [*See* Record No. 1.] The defendants argue that they are protected from these claims under the doctrine of sovereign immunity. [Record No. 17-1, p. 19] In Kentucky, a county government, as a subdivision of the state, shares the state's sovereign immunity. *Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 163 (Ky. 2003). "When an officer or employee of a governmental agency is sued

in his/her respective capacity, the officer's . . . actions are afforded the same immunity, if any, to which the agency, itself, would be entitled." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).

Three Forks Jail was established under KRS § 441.810, as a regional jail for Breathitt, Lee, Owsley, and Wolfe Counties, in Kentucky. Kentucky has not waived its immunity against tort suits. *See Sours v. Big Sandy Reg'l Jail Auth.*, 946 F. Supp. 2d 678, 689 (E.D. Ky. 2013). Thus, Three Forks Jail is entitled to sovereign immunity on Noble's state law claims seeking civil damages. *See id.* (finding that a regional jail authority was entitled to sovereign immunity for claims of negligent operation of detention center). Because Noble's official capacity claims are essentially claims against Three Forks Jail (*see Graham*, 473 U.S. at 165-66), and because Three Forks Jail is entitled to sovereign immunity on those claims, Noble's state law claims against Defendants Kelso, Pelfrey, Combs, Rowland, Fletcher, and Dunaway, in their official capacities, will be dismissed.

Next, Noble asserts state law claims against Defendants Kelso, Pelfrey, Combs, Rowland, Fletcher, and Dunaway, in their individual capacities. The defendants contend that they are shielded from these claims by the doctrine of qualified immunity. Under Kentucky law, to establish an affirmative defense of qualified official immunity, the official must have been performing a discretionary act or function within the scope of his authority and in good faith. *Sours*, 946 F. Supp. at 689. That is, the defendants are protected "for good faith judgment calls made in a legally uncertain environment." *Jefferson Cnty. Fiscal Ct. v. Peerce*, 132 S.W.3d 824, 833 (Ky. 2004) (internal quotation marks omitted). When properly applied, qualified immunity

protects all but the plainly incompetent or those who knowingly violate the law. *Ashcroft v. Al-Kidd*, 536 U.S. __, 131 S.Ct. 2074 (2011).

Although it is difficult to determine from the vague assertions in the Complaint, the defendants have successfully shown that they were performing a discretionary act or function within the scope of their authority and in good faith. For example, even assuming that Defendant Kelso was negligent "in failing to ensure that [Noble] received his medicine in a timely fashion" as the plaintiff has alleged, the evidence shows that providing Noble's medicine was in the scope of her authority and that she acted in good faith on the basis of her discretion. [Record No. 1, p. 8] Moreover, Defendants Rowland, Fletcher, and Dunaway used their discretion, acted in good faith, and acted in their scope of their authority in providing Noble's food and medicine according to the policies of the Jail and the special accommodations provided to him. [*See* Record Nos. 17-6, 18-1, 18-2.] Defendant Adams and Pelfrey similarly acted within the scope of their authority, in good faith and exercising discretion in enforcing the policies of Three Forks Jail. [Record No. 17-6]

The plaintiff's attempt to convince the Court that the defendants are not entitled to qualified immunity is unconvincing. [Record No. 20-1, p. 5 (citing *Gould v. O'Bannon*, 770 S.W.2d 220 (Ky. 1989)] As noted by the defendants, *Gould* held that physicians at a university hospital had no special protection by the doctrine of sovereign immunity. *Gould*, 770 S.W.2d at 222. However, unlike *Gould*, there is no evidence in this case that any defendant deviated from the standard of care. *See id.* Additionally, *Gould* involved physicians practicing medicine, rather than prison guards, supervisors, a nurse, and an administrator. *Id.* The defendants are

entitled to qualified official immunity with respect to the state law claims asserted against them in their individual capacities.

Finally, even if the defendants were not entitled to immunity regarding the state law claims, the claims would fail as a matter of law. Noble has put forth no evidence that Kelso or any of the defendants deviated from the appropriate standard of care. *See Blankenship and Caritas Health Servs., Inc. v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010) (internal quotation marks omitted) ("In a medical malpractice action, where a sufficient amount of time has expired and the plaintiff has still failed to introduce evidence sufficient to establish the respective applicable standard of care, then the defendants are entitled to summary judgment as a matter of law.") Nor has he produced proof of "pain and suffering" or "emotional distress" allegedly suffered as a result of the defendants' actions. In short, Noble has failed to offer any evidence regarding his state law claims. *See Chao*, 285 F.3d at 424 (the nonmoving party must present "significant probative evidence" of a genuine dispute in order to defeat the motion for summary judgment). Accordingly, the defendants are entitled to judgment as a matter of law regarding Noble's state law claims for medical malpractice, pain and suffering, and intentional infliction of emotional distress.

## IV.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.      The motion for summary judgment filed by Defendants Three Forks Regional Jail Authority; Richard Adams; Janet/Janice Kelso, individually and in her official capacity; Harvey

Pelfrey, individually and in his official capacity; Keith Combs, individually and in his official capacity; Varian Rowland, individually and in his official capacity; Ivan Fletcher, individually and in his official capacity; and Jason Dunaway, individually and in his official capacity [Record No. 17] is **GRANTED**.

2. The claims asserted by Plaintiff Noble Adams against the defendants are **DISMISSED**, with prejudice. Further, the claims asserted against "John Doe," unknown defendant, individually and as an employee of Three Forks Regional Jail, are **DISMISSED** under Rule 4(m) of the Federal Rules of Civil Procedure.

3. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A final and appealable Judgment shall be entered this date.

This 10th day of February, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge